# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT W JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>THREE RIVERS,<br><br>        Defendant. | Case No. 3:24-cv-00204-SLG |
| ROBERT W JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>THE WENDYS COMPANY,<br><br>        Defendant. | Case No. 3:24-cv-00205-SLG |
| ROBERT W JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>WESTERN NEW YORK:<br>INDEPENDENT LIVING, INC.,   ,<br><br>        Defendant. | Case No. 3:24-cv-00222-SLG |

ROBERT W JOHNSON,

        Plaintiff,

v.

HAMILTON COUNTY SHERIFF'S OFFICE,

        Defendant.

Case No. 3:24-cv-00226-SLG

## **ORDER OF DISMISSAL**

Pending before the Court are four cases filed by self-represented litigant Robert W. Johnson ("Plaintiff"), as captioned above. On September 13, 2024, Plaintiff filed two cases—*Johnson v. Three Rivers* (Case 204)[1] and *Johnson v. the Wendys Company* (Case 205)[2] on September 13, 2024. The Court mailed a Notice of Electronic Filing ("NEF") to Plaintiff for each case, and both were returned to the Court as undeliverable on September 20, 2024.[3] On October 8, 2024, Plaintiff filed U.S. Marshal form USM-285 in each case, requesting assistance with service of process.[4] The NEFs for each of those filings were sent to Plaintiff and have not

---

[1] Case No. 3:24-cv-00204-SLG.

[2] Case No. 3:24-cv-00205-SLG.

[3] Case Nos. 204 and 205 at Docket 3.

[4] *Id.* at Docket 4.

Case No. 3:24-cv-00205-SLG, *Johnson v. Wendys*
Case No. 3:24-cv-00204-SLG, *Johnson v. Three Rivers*
Case No. 3:24-cv-00222-SLG, *Johnson v. Western New York: Independent Living, Inc.*
Case No. 3:24-cv-00226-SLG, *Johnson v. Hamilton County Sheriff's Office*
Order of Dismissal
Page 2 of 7

Case 3:24-cv-00204-SLG   Document 5   Filed 10/23/24   Page 2 of 7

been returned to the Court. On October 11, 2024, Plaintiff filed *Johnson v. Western New York: Independent Living, Inc.* (Case 222).[5] Then, on October 15, 2024, Plaintiff filed *Johnson v. Hamilton County Sheriff's Office* (Case 226).[6] Because Plaintiff filed an application to waive payment of the filing fee in each case, the Court has screened each complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

The Court takes judicial notice[7] that Plaintiff is under pre-filing bar orders in a number of courts, including the Northern District of New York, the Southern District of New York, the District of Connecticut, the Southern District of Ohio, and has previously been warned by the U.S. Court of Appeals for the Second Circuit that his continued filing of frivolous appeals might also result in a filing injunction in that forum.[8] Additionally, on July 30, 2024, this Court dismissed another case

---

[5] Case No. 3:24-cv-00222-SLG.

[6] Case No. 3:24-cv-00226-SLG.

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[8] *See In re: Robert W. Johnson,* Case No. 5:22-PF-0003 (GTS), 2022 WL 1443311 (N.D.N.Y. 2022) (collecting cases). *See also Johnson v. Trump*, Case No. 2:23-CV-471, 2024 WL 778100, at *2 (D. Vt. 2024) (enjoining Plaintiff from filing any new actions without obtaining prior leave from a district judge); *Johnson v. Progressive.com*, 2020

Case No. 3:24-cv-00205-SLG, *Johnson v. Wendys*
Case No. 3:24-cv-00204-SLG, *Johnson v. Three Rivers*
Case No. 3:24-cv-00222-SLG*, Johnson v. Western New York: Independent Living, Inc.*
Case No. 3:24-cv-00226-SLG, *Johnson v. Hamilton County Sheriff's Office*
Order of Dismissal
Page 3 of 7
Case 3:24-cv-00204-SLG    Document 5    Filed 10/23/24    Page 3 of 7

filed by Plaintiff, *Johnson v. 101178 B.C. Unlimited Liability Company, et al.*, for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. The Court was also unable to establish a basis for personal jurisdiction or determine it was the appropriate venue for the case.[9]

In the four above-captioned cases, Plaintiff, a resident of Syracuse, New York, again attempts brings claims against out-of-state Defendants arising from alleged events occurring outside the state of Alaska. In Case 204, Plaintiff alleges he became ill after consuming water from the Three Rivers Harbor and received medical treatment at the Clay Medical Center in Syracuse, New York.[10] In Case 205, Plaintiff claims he was assaulted and illegally terminated from his employment at Wendys, also in Syracuse.[11] In Case 222, Plaintiff claims the Western New York: Independent Living, Inc. in Buffalo, New York, discriminated against him by refusing to rent an apartment to him.[12] And in Case 226, Plaintiff claims the

---

WL 589127, at *1 (S.D.N.Y. 2020) (denying leave to amend "in light of Plaintiff's abusive litigation history"); *Johnson v. Abel,* Case No. 19-CV-2685, Bar Order (S.D. Ohio 2019) (deeming Plaintiff a "vexatious" litigant and barring him from filing new pro se actions without prior leave of court).

[9] Case No. 3:24-cv-00118-SLG.

[10] Case 204, Docket 1 at 4; Docket 1-1.

[11] Case 205, Docket 1 at 4.

[12] Case 222, Docket 1 at 4.

Case No. 3:24-cv-00205-SLG, *Johnson v. Wendys*
Case No. 3:24-cv-00204-SLG, *Johnson v. Three Rivers*
Case No. 3:24-cv-00222-SLG*, Johnson v. Western New York: Independent Living, Inc.*
Case No. 3:24-cv-00226-SLG, *Johnson v. Hamilton County Sheriff's Office*
Order of Dismissal
Page 4 of 7

Hamilton County Sheriff's Office, in Cincinnati, Ohio, denied him employment, which he believes was "due to his race, age, sex, religion, retaliation, creed, education, work history, and disabilities."[13]

Plaintiff has included some claims over which a federal court may have subject matter jurisdiction, such as employment discrimination claims[14] and civil rights claims.[15] However, Plaintiff makes no attempt to explain what connection any of the alleged events have with the District of Alaska. The Court cannot establish has personal jurisdiction over any of the named Defendants or determine why the Court would be the proper venue for this case when none of the parties are residents of Alaska,[16] and the alleged events reportedly occurred in New York and Ohio.[17] It appears likely that Plaintiff is attempting to bring these claims in

---

[13] Case 226, Docket 1 at 4.

[14] A plaintiff usually must file a claim with the Equal Employment Opportunity Commission and obtain a Right to Sue Letter before filing an employment discrimination claim in federal court. *See, generally,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination Act of 1967, 29 U.S.C. §§ 621 to 634; and the Americans with Disabilities Act of 1967, 42 U.S.C. §§ 12112 to 12117.

[15] Section 1983, 42 U.S.C. § 1983, provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution or federal law.[15]

[16] *See* 28 U.S.C. § 1391(c) (defining where a corporate defendant "resides" for purposes of the venue statute).

[17] Docket 1 at 4. *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have courts must have personal jurisdiction over the parties); 28 U.S.C. § 1391 (a civil

Case No. 3:24-cv-00205-SLG, *Johnson v. Wendys*
Case No. 3:24-cv-00204-SLG, *Johnson v. Three Rivers*
Case No. 3:24-cv-00222-SLG*, Johnson v. Western New York: Independent Living, Inc.*
Case No. 3:24-cv-00226-SLG, *Johnson v. Hamilton County Sheriff's Office*
Order of Dismissal
Page 5 of 7

Case 3:24-cv-00204-SLG   Document 5   Filed 10/23/24   Page 5 of 7

Alaska due to the filing restrictions imposed on him by federal courts in New York and Ohio. Further, the alleged discrimination by the Hamilton County Sheriff's Office reportedly occurred in 2021, and is therefore, time-barred by the statute of limitations.[18] For these reasons, Plaintiff has failed to state a plausible claim upon which relief could be granted. The Court further finds that amendment would be futile and will not grant Plaintiff leave to file an amended complaint in any of the four cases.

The Court refers Plaintiff to its previous dismissal order, included here again for Plaintiff's convenience, for information on jurisdiction and the screening standard. While the Court may act with leniency towards a self-represented litigant, Plaintiff is not excused from the rules that govern court proceedings.[19] Under Rule 11 of the Federal Rules of Civil Procedure, when a party, including one who is self-represented, files a pleading with the court, they certify "that to the best of the

---

action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

[17] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

[18] *See Belanus v. Clark*, 796 F.3d 1021, 1024-25 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part, because prisoner's complaint, on its face, appeared to be untimely and barred by the applicable statute of limitations). The Ohio Civil Rights Commission issued a Notice of Right to Sue on this claim dated September 29, 2022. Docket 1-1 at 3.

[19] Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.

Case No. 3:24-cv-00205-SLG, *Johnson v. Wendys*
Case No. 3:24-cv-00204-SLG, *Johnson v. Three Rivers*
Case No. 3:24-cv-00222-SLG*, Johnson v. Western New York: Independent Living, Inc.*
Case No. 3:24-cv-00226-SLG, *Johnson v. Hamilton County Sheriff's Office*
Order of Dismissal
Page 6 of 7
Case 3:24-cv-00204-SLG   Document 5   Filed 10/23/24   Page 6 of 7

person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances the claims, defenses, and other legal contentions are warranted by existing law or nonfrivolous argument" and "the factual contentions have evidentiary support."[20] Plaintiff is cautioned that the continued filing of claims in the District of Alaska that Plaintiff knows, or should know, will be dismissed may result in the entry of a vexatious litigant order by this Court requiring prescreening of Plaintiff's filings in this forum.

IT IS THEREFORE ORDERED:

1. Each above-captioned case is **DISMISSED with prejudice.**

2. All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment and close each case.

4. The Clerk shall send a copy of the Order of Dismissal in *Johnson v. 101178 B.C. Unlimited Liability Company, et al.,* Case No. 3:24-cv-00118-SLG at Docket 4 with this order.

DATED this 23rd day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[20] Fed. R. Civ. P. 11(b)(2–3).

Case No. 3:24-cv-00205-SLG, *Johnson v. Wendys*
Case No. 3:24-cv-00204-SLG, *Johnson v. Three Rivers*
Case No. 3:24-cv-00222-SLG*, Johnson v. Western New York: Independent Living, Inc.*
Case No. 3:24-cv-00226-SLG, *Johnson v. Hamilton County Sheriff's Office*
Order of Dismissal
Page 7 of 7